The bill of complaint filed herein seeks a construction of the will of James B. Potts, who died on August 8th, 1931, *Page 321 
leaving a will which is dated February 11th, 1930. After directing the payment of his debts and funeral expenses, the will provides as follows:
"Second. All the rest, residue and remainder of my estate of whatsoever the same may consist and wheresoever situate, I give, devise and bequeath to my children, Samuel H. Potts, James B. Potts, Jr., Paul Potts, Emily Tunney and Edith Lucas in equal shares, except that there shall be deducted from the share of each of said children such sums of money as I may have loaned or advanced to such child during my lifetime. I have advanced to my son James B. Potts, Jr., the sum of four thousand dollars ($4,000) for the purchase of live stock upon his farm and this sum or such portion thereof as remains unpaid at the time of my death is to be deducted from his share."
By deed dated January 20th, 1930, acknowledged on the same day, and recorded on January 22d 1930, the testator conveyed to Paul Potts, his son, two parcels of land situate in Mansfield township, Burlington county, New Jersey, "subject, however, to the conditions and reservations that the said James B. Potts, the grantor herein, shall have the right and does hereby reserve the right to use and occupy and enjoy the said premises for and during the term of his natural life as a home, in common with the grantee herein and the grantee's family."
The consideration named in the deed is "natural love and affection."
It is alleged in the bill of complaint that about the time the will was executed, or subsequent thereto, testator purchased and gave to the defendant, Paul Potts, an electric refrigerator, a washing machine and household furniture. The defendant admits that this personal property was purchased by the testator and that it was given to him by the testator, and that it was purchased by the testator in order to better furnish the home which he intended to occupy and did occupy until the time of his death.
At the conclusion of the complainant's testimony, the defendant moved to dismiss the bill of complaint.
The questions to be determined are whether or not the real estate conveyed to the defendant by his father, the testator, *Page 322 
and the personal property referred to, should be held to be advancements under the terms of the clause in the will of the testator as above set forth.
It clearly appears by the deed from testator to the defendant that the real estate was conveyed prior to the making of his will, and the testimony, I think, leads to the conclusion that he occupied the real estate so conveyed, in common with the defendant, and had purchased and placed in the dwelling house the furniture and personal property referred to before the execution of his will. His will is silent with reference to the real estate conveyed and the personal property given to the defendant.
The will was made such a short time after the transfer of this real estate and personal property by the testator to the defendant, that he must have had this in mind when he made his will. He refrained from any reference by which these transfers could be construed as advancements and deducted from the share of the defendant. He specifically made reference to an advancement of $4,000 to another son, James B. Potts, Jr., and if he had intended that the real estate and personal property transferred to the defendant should be deducted from his share, he certainly would have made that provision in his will. Having refrained from any reference to the same, the inference cannot be properly drawn that the testator intended that the value of this real estate and personal property should be charged against the testamentary gift to his son, the defendant. My conclusion is that knowing that he had made these transfers and having in mind the reservation in the deed of the right to occupy and enjoy the real estate for and during the term of his natural lifetime as a home in common with his son, the defendant, and having the enjoyment of the household furniture and personal property, he saw fit to dispose of his property among his children without reference thereto.
The case of Vreeland v. Vreeland, 65 N.J. Eq. 668, affirmed by the court of errors and appeals, 66 N.J. Eq. 454, is authority, I think, for such conclusion. *Page 323 
Two other matters arose in connection with this cause. It was stipulated in open court that proof should be taken as to whether the defendant, Paul Potts, owed to the estate the sum of $200 received from the testator on December 15th, 1930, for which his promissory note was given. At the conclusion of the proof I determined that this note had been paid to the testator in his lifetime.
The defendant admitted that he received from the testator the sum of $25 and gave his promissory note for that amount, which note has not been paid, so that that sum is a debt due from the defendant to the estate which may be deducted from his share.
 A decree will be advised in accordance with these conclusions. *Page 324